# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LAVERNE EUGENE FORTSON, | ) | CASE NO. 5:26-cv-01238 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| SERGEANT PATRICK DUGAN, *et al.*, | ) | |
| | ) | **(Resolving Docs. 3, 6, 15, 25, and 26)** |
| Defendants. | ) | |

## I.

*Plaintiff's Lawsuit.*  On May 29, 2026, plaintiff Laverne Eugene Fortson filed this action under 42 U.S.C. §§ 1983 and 1985.  The defendants include a variety of individuals and organizations linked in some fashion to Akron, Summit County, Portage County, or the ATF, and further linked to law enforcement in those geographic areas.  (Doc. 1, 5/29/26)  On the same day, Plaintiff filed an amended complaint that, among other things, adds a special agent from the ATF as a defendant and cites *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as another legal basis for his lawsuit.  (Doc. 2, 5/29/26)

In Plaintiff's words, his civil rights action is for relief, which includes $5 million in compensatory damages plus punitive damages not less than three times the compensatory damages awarded against each defendant, "for constitutional violations

1

committed by state and federal actors across two separate prosecutions spanning more than a decade.  The injuries are complete and compensable regardless of the outcome of the underlying criminal proceedings." (Doc. 2, PageID #19)

Aside from amending his complaint, Plaintiff has made several other filings.  He seeks to stay all proceedings in this case to give the courts more time to resolve two pending appeals and a pending motion at the trial level.  (Doc. 3, 5/29/26, PageID #31)  These unresolved matters are part and parcel of the proceedings in this district that resulted in Plaintiff's federal criminal convictions and sentences.  The request for a stay arises from an acknowledgment that this lawsuit implicates *Heck v. Humphrey*, 512 U.S. 477 (1994), which this order takes up below.

In addition, Plaintiff asks me to recuse myself because I was the presiding judge in one of the criminal cases where a jury convicted him.  (Doc. 6, 6/1/26, PageID #85).  Plaintiff also asks that the Court take judicial notice of a significant number of documents and other court cases as well as witness testimony related to the federal criminal proceedings against him.  (Doc. 25, 7/6/26, PageID #174, 175-78)

*Motions by Defendants to Dismiss.*  Defendants Deputy Eric Centa, Portage County, and the Portage County Sheriff's Office ask the Court to dismiss the lawsuit in its entirety.  (Doc. 15, 6/17/26)  These Portage County Defendants base their motion on three grounds: Plaintiff failed to state a cognizable claim; *Heck* bars Plaintiff's claims; and Deputy Centa is entitled to qualified immunity.  (*Id.*, PageID #98)  Plaintiff has opposed this motion.  (Doc. 24, 7/6/26)  It is, therefore, ripe for adjudication.

Defendant Summit County also filed a motion to dismiss that raises similar

grounds: Plaintiff fails to state a cognizable claim; defendant Summit County is entitled to absolute immunity; Plaintiff's claims are barred by the statute of limitations; and Plaintiff's claims are barred by *Heck*.  (Doc. 26, 7/13/26, PageID #184)  Plaintiff opposed defendant Summit County's motion two days later, (Doc. 28, 7/15/26, PageID #217), so this motion is also ripe for adjudication.

Another group of defendants, which includes Sgt. Patrick Dugan, the Akron Safer Streets Task Force, and the Summit Narcotics Unit Division, raise these same defenses in their answer to the amended complaint, including the defense that *Heck* bars this action.  (Doc. 19, 6/25/26, PageID #138, 145-46)

*Plaintiff's Current Status and Prior or Pending Litigation.*  Plaintiff is currently incarcerated in a federal correctional institution.  (Doc. 1, 5/29/26, PageID #2)  He's there because on February 13, 2015, he pled guilty to one count of conspiracy to distribute heroin.  *United States v. Fortson*, Case No. 1:14-cr-00194-3 (N.D. Ohio).  Three months later, another district judge of this Court sentenced Plaintiff to 108 months in prison for that conviction.  Plaintiff unsuccessfully challenged that outcome through a motion under 28 U.S.C. § 2255.  *United States v. Fortson*, Case No. 19-3872, slip op. (6th Cir. Jan. 10, 2020).  A second motion under 28 U.S.C. § 2255 was dismissed and transferred to the Court of Appeals, which eventually dismissed the case for want of prosecution.  *In re: Laverne Fortson*, Case No. 25-3804, slip op. (6th Cir. Dec. 19, 2025).  The Court of Appeals also denied a third attempt at post-conviction relief.  *In re: Laverne Fortson*, Case No. 25-3790, slip op. (6th Cir. Mar. 11, 2026).

Plaintiff continues to challenge the federal conviction and sentence that

followed his change of plea in 2015.  Just four months ago on March 16, 2026, Plaintiff filed a motion under Fed. R. Civ. P. 60(b) to challenge anew the denial of an earlier motion that he had brought under 28 U.S.C. § 2255.  The district judge of this Court who adjudged Plaintiff guilty and sentenced him has not yet ruled on that most recent motion.

After serving his prison sentence from his first federal conviction, Plaintiff violated his supervised release.  On October 28, 2025, this Court sentenced Plaintiff to 30 additional months of imprisonment as a result.  His challenge to the revocation of his supervised release is pending in the Court of Appeals.  *United States v. Fortson*, Case No. 25-3897 (6th Cir.).

Plaintiff is also in prison for another federal case out of this district.  *United States v. Fortson*, Case No. 5:24-cr-00295-1 (N.D. Ohio).  On June 5, 2025, a jury convicted him of one count of conspiracy to distribute and to possess with intent to distribute methamphetamine and cocaine and one count of possession with intent to distribute methamphetamine.  The jury acquitted him of one count of maintaining a drug-involved premises.  On October 28, 2025, the Court sentenced Plaintiff to 210 months in custody.  That same day, the Court ordered that the 30-month sentence Plaintiff received for his supervised release violations in his first federal case run consecutively to the sentence he received in his second federal case.  This second case is on direct appeal.  *United States v. Fortson*, Case No. 25-3895 (6th Cir.).

In addition to these proceedings, Plaintiff's efforts to obtain a writ of mandamus, *In re: Laverne Fortson*, Case No. 25-3333 (6th Cir.), to stay the proceedings in this

4

Court, *United States v. Fortson*, Case No. 25-3365 (6th Cir.), and to challenge the jury's verdict, *United States v. Fortson*, Case No. 25-3527 (6th Cir.), have been unsuccessful.

*The Parties' Positions on the Applicability of <u>Heck v. Humphrey</u>*.  As already noted, Plaintiff acknowledges that *Heck* bars at least for the moment some of his causes of action.  In Plaintiff's view, however, *Heck* does not bar counts 3, 5, and 8 of the amended complaint.  (Doc. 2, PageID #20)  Defendants who answered or who seek dismissal of this lawsuit disagree.  They contend that *Heck* bars all the causes of action.

Count 3 of the amended complaint alleges abuse of process.  (*Id.*, PageID #25) It concerns allegations that defendant Sgt. Dugan and others participated in searches based on warrants that defendant Deputy Centa obtained purportedly without federal authority.  Count 3 further alleges that legal process was used without lawful authority when state charges were filed against Plaintiff and then dropped immediately before federal indictments were handed down in both federal criminal cases mentioned above.

Count 5 alleges a coordinated abuse of process whereby "[t]he identical two-step pattern across both prosecutions—state charges filed, state charges silently dropped, federal indictment on same conduct—combined with Deputy Centa's participation in both without lawful authority . . . and the simultaneous search of an innocent family member's home . . . that found no contraband, establishes a coordinated pattern of abuse of state and federal legal process against Plaintiff across a decade." (*Id.*, PageID #26)

Count 8 alleges abuse of process by the newly added defendant, ATF SA Elizabeth Gardner.  The amended complaint alleges that she conducted an unlawful interview of Plaintiff's co-defendant in his second federal criminal case, using suggestive questioning without a factual basis to imply that Plaintiff's two sisters, who were not charged criminally, may have been involved in criminal activity.  (*Id.*, PageID #27)  Count 8 also alleges that SA Gardner abused the federal prosecutorial apparatus and as a result "harmed Plaintiff by implicating his family in the criminal conduct of which he is accused."  (*Id.*, PageID #28)  According to Plaintiff, in addition to these activities, SA Gardner "participated in or authorized the 2024 investigation and the June 26, 2024 search and arrest," and "participated in a Title 21 methamphetamine investigation outside ATF's statutory jurisdiction."  (*Id.*, PageID #20)

## II.

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court dismisses a complaint for failure to state a claim upon which relief can be granted if the complaint fails to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiff's complaint need not contain detailed factual allegations, but his allegations must include more than labels and conclusions. *Twombly*, *id.*  The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

6

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the plausibility standard is not akin to a " 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

Plaintiff proceeds in this case pro se. The Court, therefore, holds the amended complaint to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court accepts Plaintiff's allegations as true unless they rise to the level of the irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam) (same); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). Nevertheless, Plaintiff must still meet basic pleading requirements. *See, e.g.*, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Courts are not required to conjure allegations or construct claims on behalf of pro se plaintiffs. *See, e.g.*, *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). The Court applies these same rules for a liberal reading when adjudicating Plaintiff's motions.

Furthermore, as acknowledged by both sides of this lawsuit, the Court's adjudication of the pending motions requires consideration of the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). If *Heck* bars the causes of action in their entirety, then Plaintiff has failed to state a claim upon which relief can be granted and the Court must dismiss the amended complaint.

In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (footnote omitted).  Consequently, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the Court must dismiss the causes of action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.* at 487.

The purpose of this rule is simple: to make clear that civil tort actions are not the appropriate vehicle for challenging the validity of outstanding criminal judgments. To challenge outstanding criminal judgments, defendants are to use habeas corpus proceedings.  *Id.* at 486.

This rule makes a great deal of common sense.  Disgruntled convicted defendants understandably hunt for ways to invalidate their convictions and sentences. Absent the *Heck* rule, courts would be overwhelmed by tort actions brought by defendants seeking compensatory damages for their convictions or sentences.  In addition to a direct appeal, these tort actions would truly be the proverbial second bite of the apple for defendants wanting to clear their names and to be compensated monetarily in the process.

The *Heck* rule continues to be the governing law in this Circuit.  *See*, *e.g.*, *Cotton*

*v. Hughes*, slip op., 2026 WL 1453604, at *5 (6th Cir. May 22, 2026).  In fact, this Circuit has refined this law into "[a] clear and consistent two-part rule."  *Kitchen v. Whitmer*, 106 F.4th 525, 539 (6th Cir. 2024).

> Prisoners can "use only habeas corpus" if "they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody."  *Wilkinson* [*v. Dotson*], 544 U.S. [74,] at 81 [(2005)] . . . .  So prisoners can "proceed under § 1983" if (1) they do not seek an "injunction ordering immediate or speedier release into the community," and (2) "a favorable judgment would not necessarily imply the invalidity of their convictions or sentences."  *Skinner* [*v. Switzer*], 562 U.S. [521] at 533–34 [(2011)] . . . (cleaned up).

*Kitchen*, *id*. (emphasis in original).

Further refinement followed, which has particular applicability to Plaintiff's lawsuit.

> The Supreme Court most recently summarized it this way: The "simplest cases" for when a claim must be brought through habeas "arise when an inmate, alleging a flaw in his conviction or sentence, seeks immediate or speedier release from prison," but the "[s]lightly less obvious" cases occur "when the relief he seeks would 'necessarily imply the invalidity of his conviction or sentence.' " *Nance v. Ward*, 597 U.S. 159, 168 . . . (2022) (quoting *Heck*, 512 U.S. at 481, 487 . . .).  These less obvious cases nevertheless "lie within the core of habeas corpus." *Id*. at 167 . . . (internal quotation marks omitted).

*Kitchen*, *id*.  "In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his conviction." *Smith v. Ohio*, slip op., 2010 WL 3369831, at *1 (N.D. Ohio Aug. 24, 2010) (citations omitted).

9

The facts in *Heck* involved a state prisoner's efforts to litigate under 42 U.S.C. § 1983.  Since *Heck*, courts have applied its holding to cases brought by federal prisoners as well as to cases brought under 42 U.S.C. § 1985 and *Bivens*.  *See*, *e.g.*, *Lanier v. Bryant*, 332 F.3d 999, 1002, 1005-06 (6th Cir. 2003) (affirming district court's application of *Heck* by denying federal prisoner's motion to amend his complaint and recognizing other jurisdictions that have extended *Heck* to claims under § 1985); *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998) (holding that the rule in *Heck* applies equally to *Bivens* actions).  *See also Cook v. Fatheree*, slip op., 2025 WL 2977704 (N.D. Ohio Oct. 22, 2025) (dismissing federal prisoner's pro se lawsuit under § 1983 pursuant to *Heck* due to a failure to state a claim).

Notwithstanding Plaintiff's position to the contrary, all eight causes of action in the amended complaint "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487.  What Plaintiff alleges in his causes of action are integral to his criminal convictions.  In fact, the allegations Plaintiff makes in his amended complaint and other filings constitute nothing less than a full-frontal assault on his federal criminal convictions from 2014 and 2024.  Plaintiff's own words illustrate why the *Heck* rule bars these proceedings in their entirety.

Plaintiff begins his amended complaint by asserting, in bold no less, that his lawsuit "**is not about guilt or innocence**," and that "[t]he injuries are complete and compensable regardless of the outcome of the underlying criminal proceedings." (Doc. 2, PageID #19)  The causes of action tell a different story.

Plaintiff's third cause of action alleges in part abuse of process and challenges

10

the legality of his arrest in 2014 and the legality of the searches carried out by law enforcement officers in 2024. Plaintiff alleges that defendant Sgt. Dugan and defendant Deputy Centa, among other defendants, obtained warrants with "no federal authority" and therefore arrested Plaintiff and carried out the searches related to his federal criminal cases without authority to do so. (*Id.*, PageID #25)

Plaintiff's fifth cause of action alleges coordinated abuse of process by both state and federal prosecutors "across both prosecutions" with defendant "Deputy Centa's participation in both without lawful authority," thus establishing "a coordinated pattern of abuse of state and federal legal process against Plaintiff across a decade." (*Id.*, PageID #26)

Plaintiff's eighth cause of action alleges abuse of process by defendant SA Gardner by asserting that in part she abused the "federal investigative process" and "the federal prosecutorial apparatus" by interviewing Plaintiff's co-defendant in the second criminal case purportedly using "suggestive questioning, without factual basis, to imply that Plaintiff's sisters . . . may be involved in criminal activity." (*Id.*, PageID #27) This cause of action goes on to allege that the home of one of the sisters was searched and found to contain no contraband. Plaintiff alleges that this unauthorized conduct harmed him "by implicating his family in the criminal conduct of which he is accused." (*Id.*, PageID #28)

In all three causes of action, Plaintiff claims certain law enforcement officers named as defendants in his amended complaint lacked legal authority to investigate the two federal criminal cases involving Plaintiff, to apprehend him, and to gather

evidence of criminal activity.  Without the investigation, evidence, and arrest, the prosecution would not have been able to charge or convict Plaintiff of any crimes.  In other words, these causes of action "necessarily imply the invalidity of his conviction or sentence."

Plaintiff's motion for judicial notice bears out this conclusion.  In Plaintiff's own word: "The governing statutes, regulations, and constitutional limitations identified in Plaintiff's Opposition confirm that no lawful evidence was presented to the grand jury to obtain the indictment."  (Doc. 25, PageID #180)  Challenging the presentment of the charges to the grand jury strikes at the heart of Plaintiff's federal convictions.  There, of course, can be no felony convictions without an indictment.

Further, again in his own words: "Federal criminal jurisdiction over the charged conduct required a constitutional and statutory basis that the record does not supply." (*Id.*, PageID #181)  Alleging that there was no federal criminal jurisdiction over the conduct that put Plaintiff behind bars is just another way of saying, "I'm challenging my federal convictions."  In its simplest formulation, the *Heck* rule prohibits using a tort action to do this.

Further, again in his own words: "The authority defect spans two federal prosecutions—the 2014-2015 and the 2024 prosecutions under the Controlled Substances Act—each initiated by TFO Centa, a Portage County Sheriff's detective by his own admission in multiple affidavits, and each conducted without the authority identified above.  The docket of this District reflects that, across these proceedings, the search and data-location warrants, the conviction, the sentence, and the post-conviction

12

rulings—including the denial of habeas relief—proceeded notwithstanding the documented absence of authority." (*Id*., PageID #181) Without authority to convict or sentence, Plaintiff would not be in prison. His amended complaint, therefore, directly and in multiple ways implies the invalidity of both his convictions and his sentences that he received in both federal criminal cases.

Lest there be any doubt about Plaintiff's intentions in bringing this tort action, again in his own words: "The records identified above and in the related-matters list span a single, continuing course of conduct across all related proceedings—the 2014-2015 and 2024 prosecutions, the post-conviction and appellate matters, and the related civil action. Because the same authority defect and the same participants ran through each, judicial notice of the entire record across those proceedings is necessary to a full and fair adjudication of the Defendants' motion." (*Id.*, PageID #182)

Plaintiff is even more strident in his opposition to defendant Summit County's motion to dismiss. He accuses defendant Summit County of acting in concert with the Portage County Defendants, and alleges that it "actively participated in a scheme to bypass Ohio's strict jurisdictional protections, manufacture federal jurisdiction where none existed, and shield their unlawful conduct from adversarial and judicial scrutiny." (Doc. 28, PageID #218)

Plaintiff asserts that a defense under the *Heck* rule "is a legal impossibility under the facts of this case." (*Id.*, PageID #225) Plaintiff argues that *Heck* "presupposes the existence of a \*legally valid\* criminal judgment issued by a court and executed by officers possessing lawful, colorable jurisdiction. It does not—and cannot—protect

proceedings that are a complete structural nullity from the very first step."  (*Id*.)

Plaintiff contends that defendant Deputy Centa acted outside of his statutory and

territorial jurisdiction and was without authority in Plaintiff's cases.  "As a matter of

law, Centa and the conspiring Summit County Defendants acted as private citizens

masquerading as federal agents."  (*Id*.)  Claiming that the federal judgments against

him are void ab initio and a legal nullity, Plaintiff concludes, "Because the defendants

acted entirely without jurisdiction from the inception, they cannot claim the protections

of qualified immunity or the Heck v. Humphrey bar."  (Doc. 28, PageID #226)

By his own words, Plaintiff in effect tells us that his amended complaint is

another avenue for challenging the federal convictions and sentences that followed

from his plea agreement in the first federal criminal case and from a guilty verdict in

the second federal criminal case.  Under *Heck*, Plaintiff cannot make a cognizable

claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused

by actions whose unlawfulness would render a conviction or sentence invalid" unless

he shows that the conviction or sentence has been "reversed on direct appeal, expunged

by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas

corpus."  *Heck*, 512 U.S. at 486-87 (footnote omitted).  The same holds true for the

claims Plaintiff asserts under 42 U.S.C. § 1985(3) and *Bivens*.

Because Plaintiff has not demonstrated that his federal convictions have been

invalidated or called into question in any of the ways articulated in *Heck*, his causes of

action have not yet accrued.  Accordingly, he has failed to state a cause of action upon

which relief can be granted.  Dismissal is warranted under Fed. R. Civ. P. 12(b)(6).

## III.

*Motions by Plaintiff.*  As noted above, in one of his motions, Plaintiff seeks to stay all proceedings in this case pending resolution of his federal criminal proceedings. (Doc. 3, PageID #31)  Arguing for a stay of all proceedings does not help Plaintiff's cause.  He bases his motion on the Court's inherent authority and *Wallace v. Kato*, 549 U.S. 384 (2007).  (Doc. 3, 5/29/26, PageID #31; *see also* Doc. 2, PageID #20)  Plaintiff is in certain respects asking for a similarly "bizarre extension" of *Heck* that the Supreme Court rejected in *Wallace.*  549 U.S. at 393.  There, the plaintiff wanted to apply the *Heck* rule to an anticipated future criminal conviction not yet in existence. Where the prosecution has not yet obtained a conviction, the district court could "stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 394.

But that's not the situation here.  As to the first federal criminal case, Plaintiff's conviction is already over a decade old.  His convictions in the second federal criminal case occurred last year.  They are extant, not anticipated in the future.  That means the *Heck* rule applies to Plaintiff's amended complaint as to both of his federal criminal cases.

Again, to simplify things, the *Heck* rule "delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn."  *Wallace*, 549 U.S. at 393 (emphasis in original).

15

That means Plaintiff's causes of action under 42 U.S.C. §§ 1983 and 1985 and under *Bivens* have not yet accrued.  Because they have not accrued, and may never accrue, the Court must grant the motion to dismiss and deny Plaintiff's motion to stay all proceedings.

Plaintiff has also moved that I recuse myself from this case, citing 28 U.S.C. §§ 455(a) and 455(b)(1).  (Doc. 6, 6/1/26, PageID #85)  Although Plaintiff lists a number of reasons in support of his motion, they boil down to his fifth and final reason: because I "presided over the criminal trial in Case No. 5:24-cr-00295-JRA that produced the conviction whose foundational investigation is now challenged in this civil rights action." (*Id*.)  Under Plaintiff's reasoning, every district judge would need to recuse himself or herself every time a defendant from a criminal case previously before the judge made some sort of substantive post-conviction filing.  That is not the law.

Even where a judge denies a petition for habeas relief and concludes that the prisoner may have indeed committed offenses repugnant to ordered society, the judge is not disqualified from considering subsequent petitions from the same prisoner. *Browing v. Foltz*, 837 F.2d 276, 279-80 (6th Cir. 1988).  "A bias sufficient to justify recusal must be a personal bias 'as distinguished from a judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law.' " *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983) (quoting *Oliver v. Michigan State Bd. of Ed.*, 508 F.2d 178, 180 (6th Cir. 1974) (citing *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956))).  Plaintiff may be dissatisfied with the Court's previous

16

rulings.  But his dissatisfaction, regardless how legitimate in his view, does not warrant recusal.

Plaintiff also moved for an order under Fed. R. Evid. 201 taking judicial notice of 13 documents or groups of documents and statements made in them which purportedly relate to Plaintiff's second federal criminal case previously before the Court; of nine proceedings of record that relate to Plaintiff's two prior federal criminal cases; and of the fact that testimony was given and of its contents in six instances involving six different witnesses.  (Doc. 25, 7/6/26, PageID #174, 175-79)  Plaintiff's motion misreads the scope and breadth of Rule 201.

> While parties must normally submit admissible evidence to support the factual allegations in their case, sometimes a fact is so obvious that federal courts will allow a shortcut around these procedures. This shortcut—judicial notice—is governed by Federal Rule of Evidence 201, which allows courts to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

*Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020).  "[C]ourts do not take judicial notice of documents, they take judicial notice of facts."  *Id*. (citing *United States v. Ferguson*, 681 F.3d 826, 834-35 (6th Cir. 2012), and *Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012)).

Plaintiff's motion way exceeds this relatively narrow purpose for judicial notice. Moreover, the purpose for which he seeks to use Rule 201 is very similar to one that the Court of Appeals has already rejected.  That Court's explanation is worth repeating

17

because it bears such a close resemblance to Plaintiff's request for judicial notice:

> [The plaintiff] asks us to take judicial notice of additional excerpts from the deposition of Chief Ansley as well as his complaint from the 2006 suit and numerous depositions and affidavits taken from other litigation. . . . Certainly, we could take judicial notice of the existence of these documents as evidence that a complaint was in fact filed or a deposition was in fact taken. *See United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012). But it is not the existence of these documents that [the plaintiff] seeks for us to acknowledge; rather, he seeks to rely on the substantive facts within those exhibits, many of which are disputed, to support his appeal. His motion is therefore more properly viewed as yet another attempt to supplement the record and is denied for the reasons set forth in our earlier order. *See Molnar v. Care House*, 359 Fed.Appx. 623, 625 (6th Cir. 2009) (unpublished opinion) (construing motion for judicial notice on appeal as motion to supplement the record), *cert. denied*, — U.S. —, 131 S.Ct. 188, 178 L.Ed.2d 43 (2010).

*Davis*, 492 F. App'x at 578.

There are, of course, certain facts within the materials Plaintiff identifies in his motion that meet one of the requirements of Rule 201, namely, they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. For example, the existence of warrant applications associated with Plaintiff's second federal criminal case, the name of the affiant who requested the warrants, the existence of a certain memorandum of understanding regarding a law enforcement officer's authority, previously filed motions, the existence and pendency of certain cases, or the fact that certain individuals provided testimony in Plaintiff's prior cases. None of this is what Plaintiff really wants notice of, though. After all, if a certain individual previously testified under oath and Plaintiff wanted to use that testimony to support a particular argument, he could simply attach the transcript to his filing and then

18

incorporate it by reference.

What Plaintiff wants is judicial notice of the contents as well (Doc. 25, PageID #174, 175, 177, 178), probably intending to use excerpts from the noticed documents, cases, and transcripts to support the allegations in his amended complaint.  In fact, his motion summarizes the points he intends to support with the materials he requests judicial notice of.  (Doc. 25, PageID #179-83)

The law does not allow judicial notice to be used in this way.  To be sure, Plaintiff may have difficulty as a federal prisoner obtaining documents from prior and pending cases without funds of his own or easy access to court databases and filing systems.  (Doc. 25, PageID #175)  His current situation, however, does not alter the law or the scope of Rule 201 even when his pro se status is taken into account.

*Motions by Defendants.*  As noted above, the Portage County Defendants— Deputy Eric Centa, Portage County, and the Portage County Sheriff's Office—filed a motion to dismiss the amended complaint.  (Doc. 15, 6/17/26)  Defendant Summit County also filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  (Doc. 26, PageID #184)  Another group of defendants—Sgt. Dugan, the City of Akron, Akron Safer Streets Task Force, and the Summit Narcotics Unit Division—filed an answer in which they assert numerous defenses, including the *Heck* rule.  (Doc. 19, PageID #146)  SA Elizabeth Gardner has not yet answered the amended complaint or moved in response to it.  Nor has the unnamed John Doe Summit Narcotics Unit Division officer or the other unnamed John Doe defendants.

19

Applying the *Heck* rule in this case means that Plaintiff's causes of action for damages attributable to an allegedly unconstitutional conviction or sentence "do[] not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 490 (footnote omitted).  Because Plaintiff's convictions and sentences remain valid, all eight causes of action have not accrued.  Consequently, all causes of action are barred as to all defendants.  This outcome obviates the need to address the other grounds for dismissal presented in the two motions to dismiss.

* * * * * *

In sum, Plaintiff's causes of action are barred by *Heck* unless and until his federal criminal convictions and sentences have been invalidated.  Because those convictions and sentences have not yet been invalidated, Plaintiff's tort claims have not yet accrued.

Accordingly, for the foregoing reasons, the Court GRANTS the Portage County Defendants' motion to dismiss (Doc. 15) and defendant Summit County's motion to dismiss (Doc. 26) Plaintiff's amended complaint for failure to state a claim upon which relief may be granted, whether those claims are based on 42 U.S.C. § 1983 or § 1985 or *Bivens*.  Further, the Court DENIES Plaintiff's motion to stay all proceedings (Doc. 3), his motion for recusal (Doc. 6), and his motion for judicial notice (Doc. 25). Because the causes of action Plaintiff alleges in his amended complaint have not yet accrued, the amended complaint is dismissed in its entirety and this case is terminated.

IT IS SO ORDERED.

Dated: July 17, 2026 */s/ John R. Adams*

20

JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE